AKRON, CANTON & YOUNGST. RY. CO. v. BRIGHTMAN et.

Ohio Appeals, 6th Dist., Huron Co.

No. 243.   Decided Oct. 15, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

REAL ESTATE.

(510 G2)   Growing grass and fence are part of real estate, and measure of damages may be ascertained by determining value of property immediately preceding and immediately after fire, taking into account property destroyed or injury done to property not completely destroyed.   Jury may figure damage either by the acre or by figuring value of farm as a unit before and after fire.   Rule for determining damage to annual crop, does not apply to growing timothy.

Waters, Andress, Hagelbarger, Wise & Maxon, Akron, and W. R. Pruner, Norwalk, for Railway Co.

Rowley & Carpenter, Norwalk, for Brightman et.

HISTORY:—Action in Common Pleas by Brightman et al against Railway Company to recover damage to farm, caused by fire.   Judgment for plaintiff.   Defendant prosecutes error.   Judgment affirmed.   No action in Supreme Court prior to date of this publication.

STATEMENT OF FACTS.

The original action was commenced by Harry H. Brightman and others to recover

damages resulting to their farm by reason of the injury and destruction by fire of timothy growing thereon and of a fence on said farm. The trial resulted in a verdict and judgment in their favor in the amount of $500.00.

RICHARDS, J.

It is urged that this judgment should be reversed because the damages awarded by the jury are excessive and by reason of error in the charge of the court relating to the measure of damages.

The evidence discloses substantial damage to a wire fence separating a 50-acre field of growing timothy from certain pastureland, all owned by the plaintiffs. The evidence also shows the damage and destruction of substantially 50 acres of growing timothy. The evidence is conflicting as to whether the fire destroyed the roots of the timothy, but the jury was justified in finding that the destruction of the roots, while not complete, was so extensive that it would be unprofitable in subsequent years to harvest such crop of timothy as might grow.

Witnesses in behalf of the plaintiffs were permitted to testify as to the fair market value of the entire farm of 148 acres just before the fire of July 21, 1927, and the fair market value thereof just after the fire. On this subject the trial judge charged the jury that the growing grass and the fence were a part of the real estate and that the measure of damages could be ascertained by determining the value of the property immediately preceding the fire and its value immediately after the fire, taking into account the property destroyed or injury done to the property that was not completely destroyed, and that the jury could determine that either by the acre or by figuring the value of the farm as a unit before and after the fire, the difference representing the depreciation that resulted by reason of the fire. The charge in this respect is claimed to be erroneous and prejudicial.

Many authorities hold that where growing crops are destroyed or damaged by fire, the proper method of ascertaining the amount to be awarded is to fix the value of the crop destroyed at the time and place of destruction, or the damage to the crop injured. That rule certainly may well be applied to the destruction or damage of annual crops, but growing timothy is a perennial and it does not necessarily follow that the rule for ascertaining the value of a growing annual crop must be applied to the destruction or damage of growing timothy. 17 C. J., 891. In its last analysis the measure of damages, where property of this character is destroyed by negligence, is just compensation in money for the property destroyed or damaged, and in many cases this just compensation may be ascertained in more than one way. The method followed in the case at bar was to show the value of the farm immediately before and immediately after the fires. This is criticised on two grounds: 1. Because it is urged that the same rule should be adopted as that stated above for the damage or destruction of annual crops, and, 2. Because the witnesses were permitted, in giving their estimates, to include the entire farm. We think the method adopted was not improper in so far as it related to fixing the damages for the destruction of growing timothy. The only damage which the witnesses were permitted to consider was the damage to the timothy and the fence, and the inclusion of the entire acreage in both estimates would leave the difference between the two stand at the same amount as if the witnesses had only included the acreage of the timothy alone, or that acreage and the acreage of the adjoining pasture land. Whichever method of ascertaining the damages should be adopted, the evidence is such as to have justified a verdict of at least as much as was rendered in this case.

On the whole record, we are unable to find that the method pursued resulted in prejudice to the plaintiff in error, and we find that substantial justice was done.

(Williams, J., concurs. Lloyd, J., concurs in judgment.)